IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL SPLAWN,<br><br>                    Petitioner,<br><br>          vs.<br><br>MATTHEW CATE, Secretary, California<br>Department of Corrections and<br>Rehabilitation,<br><br>                    Respondent. | No. 2:10-cv-00121-JKS<br><br>MEMORANDUM DECISION |

Steven Michael Splawn, a state prisoner appearing through counsel, filed a Petition for

Habeas Corpus under 28 U.S.C. § 2254.  Splawn is currently in the custody of the California

Department of Corrections and Rehabilitation, incarcerated at the Corcoran State Prison.

Respondent has answered, and Splawn has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

**A.     Trial/Direct Review**

A Shasta County Superior Court jury convicted Splawn on one count of first-degree

burglary and one count of second-degree burglary under California Penal Code § 459.  Splawn

admitted allegations of four prior strikes, three prior serious felony convictions, and a prior

prison term.  In August 2007 the trial court sentenced Splawn to an indeterminate prison term of

twenty-one years to life.  The California Court of Appeal affirmed Splawn's conviction and

sentence in an unpublished decision,[1] and the California Supreme Court denied review on January 14, 2009.

**B.      State Post-Conviction Collateral Attacks**

First State Habeas Round

On October 22, 2009, Splawn filed a petition for habeas relief in the Shasta County Superior Court, which was denied on November 5, 2009.  On March 23, 2010, Splawn filed a habeas petition in the California Court of Appeal, Third Appellate District, which was summarily denied on April 1, 2010, without issuing an Order to Show Cause.

Second State Habeas Round

On June 14, 2010, Splawn filed a second habeas petition in the California Court of Appeal, Third Appellate District, which the California Court of Appeal denied on June 24, 2010, citing *In re Clark*, 855 P.2d 729, 739-40 (Cal. 1993).  The California Supreme Court summarily denied review without opinion or citation to authority on September 1, 2010.

**C.      Proceedings in this Court**

Petition

Splawn filed his original Petition for relief in this Court on January 14, 2010.   In that Petition, Splawn raised six claims:  (1) ineffective assistance of counsel in failing to investigate circumstances surrounding a woman's watch in Splawn's possession at the time of his arrest; (2) the trial court erred in admitting evidence of the yellow watch; (3) ineffective assistance of counsel in withdrawing a request that Splawn wear jeans found at a cottage on the property that was burglarized, which alleged did not fit Splawn; (4) ineffective assistance of counsel for failing

---

[1] *People v. Splawn*, No. C056783, 2008 WL 4458950 (Cal. Ct. App. Oct. 6, 2008).

2

to bring to the court's attention that jurors had seen Splawn in handcuffs while being transported; (5) ineffective assistance of counsel for failing to object to the trial court's reasoning rejecting his *Romero* Motion;[2] and (6) the trial court erred in denying his *Romero* motion.

<u>First Amended Petition</u>

On March 12, 2010, Respondent filed a Motion to Dismiss,[3] which Splawn opposed and requested a stay and abeyance while he exhausted his unexhausted grounds.[4]  After holding a hearing on the motions, on May 5, 2010, the Magistrate Judge made Findings and Recommendations ("F&R") recommending that the motion to dismiss be granted and the motion to stay and abey be denied.[5]  On May 28, 2010, while the F&R was pending review, Splawn filed his First Amended Petition.[6]  In his Amended Petition Splawn raised four grounds for relief:  (1) insufficiency of the evidence to convict; (2) the trial court erroneously admitted evidence of a watch possessed by Splawn at the time he was booked into jail; (3) the trial court incorrectly relied upon Splawn's silence in denying his motion for a new trial; and (4) the trial court failed to properly consider mitigating factors in refusing to strike prior "strike convictions" in ruling on his *Romero* motion.  On August 18, 2010, this Court adopted the F&R, dismissed the Petition

---

[2] *People v Superior Court (Romero)*, 917 P.2d 628 (Cal. 1996).  A short-hand reference to the procedure under California law in which a criminal defendant requests the trial court strike prior felony convictions for sentencing purposes.

[3] Docket No. 14.

[4] Docket No. 17.

[5] Docket No. 20.  The magistrate judge ordered that within 30 days of the order adopting the F&R, Splawn was directed to either file an amended petition containing exhausted claims only or request that the unexhausted claims in the petition be stricken.

[6] Docket No. 21.

and ordered the Respondent to file and serve a response to the First Amended Petition.[7]  The

Respondent timely answered, and Splawn replied on November 12, 2010.[8]

Second Amended Petition

On September 22, 2010, Splawn filed a second habeas petition in this Court (Case No.

2:10-cv-02584).[9]  On May 10, 2011, an order dismissing the second habeas petition was entered

in that case (No. 2:10-cv-02584) and ordering the Clerk of the Court to file the petition as a

motion to file a  Second Amended Petition in this case,[10] which was done.[11]  Respondent did not

oppose the motion,[12] and the Magistrate Judge granted it on June 26, 2011.[13]  Respondent

answered, and Splawn replied on September 19, 2011.[14]

The factual bases for Splawn's conviction are well known to the parties, set forth in detail

in the California Court of Appeal's decision, and are not repeated herein except to the extent

necessary to understand this Court's decision.

---

[7] Docket No. 22.

[8] Docket Nos. 23, 25.

[9] This Court takes judicial notice of the proceedings in that case.  Fed. R. Evid. 201.

[10] No. 2:10-cv-02584, Docket No. 10.

[11] Docket Nos. 26, 29.  The request for leave to amend was docketed in this action upon the direction of the district judge in a separate habeas action initiated by petitioner. *See Splawn v. Cate*, No. 10-cv-2584-GEB-CMK, Docket. No. 10.

[12] Docket No. 27.

[13] Docket No. 28.

[14] Docket Nos. 30, 32.

## II.  GROUNDS RAISED/DEFENSES

In his Second Amended Petition Splawn raises five ineffective assistance of counsel claims:  (1) failing to investigate circumstances surrounding jewelry, including women's wristwatches, in Splawn's possession at the time of his arrest;  (2) withdrawing a request that Splawn wear jeans found at the cottage on the property that was burglarized, which allegedly did not fit Splawn; (3) failing to examine the jewelry allegedly stolen from the residence contained in a bag offered on the last day of trial to determine how the jewelry related to trial; (4) failing to bring to the court's attention that jurors had seen Splawn in handcuffs while being transported; and (5) failing to object to the trial court's reasoning rejecting his *Romero* motion.[15]  Respondent contends that all of the grounds raised in the Second Amended Petition are untimely. Respondent also contends that the third ground (relating to the sack of jewelry) is unexhausted. Respondent does not assert any other affirmative defense.[5]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based

---

[15] This Court is somewhat troubled by Splawn's assertion in his Traverse that *both* "the first and second petitions should be decided on the merits."  The only operative pleading before this court is the Second Amended Petition.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Loux v. Ray*, 375 F.2d 55, 57 (9th Cir. 1967).  Consequently, this Court will address solely those grounds raised in the Second Amended Petition, not those in either the original Petition or the Amended Petition.

[5] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2012).

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[7]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[8]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[9]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."[10]  The Supreme Court has made clear that the objectively unreasonable standard is "a substantially higher threshold" than simply believing that the state-court determination was incorrect.[11]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

---

[6] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[7] *Williams*, 529 U.S. at 412 (alteration added).

[8] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

the trial with unfairness as to make the resulting conviction a denial of due process.'"[12]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[13]  Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[14]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[15]

---

[12] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[13] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[14] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[15] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[16]  State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[17]  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[18]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[19]  This is considered as the functional equivalent of the appeal process.[20]

---

[16] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[17] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[18] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[19] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing California's "original writ" system).

[20] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

## IV.  DISCUSSION

**A.     Timeliness**

Respondent contends that the claims raised in the Second Amended Petition are untimely.

An untimely petition is subject to dismissal.[21]  28 U.S.C. § 2244 provides:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As relevant to this case, the two provisions of § 2244 involved are (d)(1)(A) (date the judgment of conviction became final) and (d)(2) (exclusion of the time during which a State post-conviction proceeding is pending).  Also involved is whether the Second Amended Petition relates back to either the original Petition or the First Amended Petition.

The California Supreme Court denied Splawn's application for review on January 14, 2009.  Splawn's conviction became final on direct review 90 days later when his time to file a petition for *certiorari* in the Supreme Court expired,[22] April 15, 2009.  Splawn's one-year

---

[21] *Day v. McDonough*, 547 U.S. 198, 201 (2006).

[22] *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Randle v. Crawford*, 604 F.3d 1047, 1055-57 (9th Cir. 2010).

expired 365 days later, April 13, 2010, plus any additional time that the one-year was tolled. Thus, if the Second Amended Petition relates back to the timely filed original Petition, it is timely.

In this case, the original petition was dismissed. The dismissal Order, which adopted the F&R in full, also included a provision that Respondent serve and file an answer in response to the (first) Amended Petition that was filed subsequent to the magistrate judge's F&R and its adoption in full. Because the F&R provided that Splawn could file an amended petition eliminating the unexhausted grounds, the effect of the F&R and the Order adopting them was to grant Splawn leave to file his Amended Petition.

Respondent argues that, because Splawn's original petition was dismissed for failure to exhaust his state-court remedies, his Second Amended Petition does not relate back. Respondent correctly argues that, in this Circuit, a subsequent habeas petition does not relate back to an earlier petition that was dismissed for failure to exhaust state-court remedies.[23] Because of the dismissal, there is no pending petition to which the new petition could relate back to or amend.[24] Here, however, Splawn did not accept the dismissal of his mixed petition; instead, with leave of court, Splawn filed an amended petition with only his exhausted claims. The Ninth Circuit has also held that, under these circumstances, *Green*, *Van Tran*, and *Henry* are not directly applicable.[25]

---

[23] *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (citing *Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir. 2000), *rev'd on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003)).

[24] *Id.* (quoting and citing *Henry v. Lundgren*, 164 F.3d 1240, 1241 (9th Cir. 1999)).

[25] *See Anthony v. Cambra*, 236 F.3d 568, 574 n.1 (9th Cir. 2000).

On the other hand, in this case, because an Amended Petition interceded between the original Petition and the Second Amended Petition, *Anthony* also does not necessarily provide the answer.  In *Jackson* the Ninth "Circuit held that the filing date of an original complaint remains operative for relation-back purposes even where otherwise superceded by amendments."[26]  Thus, to the extent that the claims in the Second Amended Petition plainly arise out of the same transaction and common core of operative facts as were alleged in the original Petition, they relate back.[27]  Because this Court is bound by *Jackson*, it need not address the tolling issue.  Accordingly, the Court cannot dismiss the Second Amended Petition *in toto* as untimely.

That also does not necessarily end the discussion.  This Court must also compare the claims asserted in the Second Amended Complaint to determine if they have a common core of operative facts to the claims asserted in the original Petition.[28]  It is clear that Splawn's first, second, and fourth grounds arise out of the identical operative facts alleged in the original Petition.  It is equally as clear that Splawn's third and fifth claims, although they raise a common legal principle—ineffective assistance of counsel—do not allege the same operative facts as alleged in the original Petition.  Thus, whether the third and fifth grounds are timely depends upon whether all but 365 days of the time between the date the conviction became final and the date the Second Amended Petition was filed is tolled.  In this case, the time that is tolled is the

---

[26] *Fed. Deposit Ins. Corp. v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998).

[27] *Id.*

[28] This Court need not consider the Amended Petition because it is patently clear that the claims in the Second Amended Petition, none of which allege ineffective assistance of counsel, differ not only in the operative facts, but the legal principles underlying the claims as well.

11

time that a properly filed application for post-conviction relief was pending in the California state courts.[29]

Splawn's conviction became final on April 15, 2009, and his first state habeas petition was filed in the Shasta County Court on October 22, 2009, 189 days later, leaving Splawn 176 days within which to file his Petition for relief in this Court.[30]  The Shasta County Court denied that petition on November 5, 2009.  Splawn did not file his habeas petition in the Court of Appeal, Third Appellate District until March 23, 2010, 138 days later.  Although the time between the date a petition is denied by a lower court and review by a higher court is sought is normally included within the tolling period;[31] that holds true only if review is sought timely.[32]  In *Chavis* the Supreme Court, finding "no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month delay 'reasonable,'" reversed a decision of the Ninth Circuit that had held a three-year delay between the denial of a petition for a writ of habeas corpus in the state court and seeking review by a higher court was a "reasonable time" within the scope of California rule, and therefore, included in the tolling period.[33]  In *Pace*, the Supreme Court made clear that what it had intimated in *Saffold*, when it noted that a petition for post-conviction relief that is untimely is not pending for

---

[29] 28 U.S.C. § 2244(d)(2).

[30] "The period between when direct review becomes final and the filing of a state habeas petition is not tolled; tolling begins when the state habeas petition is filed."  *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)).

[31] *Carey v. Safford*, 536 U.S. 214, 219-21 (2002).

[32] *Id*. at 222–23.

[33] *Evans v. Chavis*, 546 U.S. 189, 201 (2006).

purposes of § 2244(d)(2):  "When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2254(d)(2)."[34]  A delay of 138 days is "unreasonable."[35]  At this point, Splawn had utilized 317 of his 365 days, leaving him forty-eight days within which to file for federal habeas relief.

Because Respondent does not contend that the first petition filed in the California Court Appeal was not properly filed for the purposes of tolling, this Court need not address that question.  Thus, for the purposes of this analysis the Court considers the time it was pending, from March 23, 2010, through the date it was denied, April 1, 2010, as being tolled.  That decision became final ten days later, when Splawn's time to seek review in the California Supreme Court expired,[36] April 11, 2010.[37]  Splawn filed his next petition for post-conviction relief on June 14, 2010, in the California Court of Appeal, sixty-four days later—twenty days after his time to file his federal Petition expired and 122 days *before* the Second Amended Petition was filed in Case No. 2:10-cv-02584, September 22, 2010.  Because the third and fifth grounds for relief do not relate back to the original complaint, the time between the date

---

[34] *Pace v. DeGuglielmo*, 544 U.S. 408, 414 (2005).

[35] *See, e.g., Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement"); *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010) (per curiam) (holding that 101-day and 115-day delays were longer than thirty to sixty days most states allow for filing petitions).

[36] Cal. Rules of Court, Rule 8.387(b)(2)(A) (a decision denying a habeas petition without an order to show cause is final immediately when filed); Rule 8.500(e)(1) (a petition for review must be filed within ten days after the decision of the Court of Appeal is final).

[37] Contrary to Splawn's argument, the ninety-day period for seeking *certiorari* in the Supreme Court does not apply to extend the time under § 2244(d)(2).  *See Lawrence v. Florida*, 549 U.S. 327, 332-36 (2007).

Splawn's conviction became final and the date his Second Petition was filed exceeds 365 days. Therefore, Splawn's third and fifth grounds will be dismissed as untimely.

**B.    Exhaustion**

Respondent also contends that, because Splawn omitted his third claim (sack of jewelry) from his petition for review in the California Supreme Court, it is unexhausted.  Splawn does not address this issue in his Traverse.  28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal and unsupported by an evidentiary basis, the court must accept Respondent's allegations.[38]  Where a petitioner has not disputed a contention in the response and it does not appear from the record before the court that the contention is erroneous, the court may accept that contention.[39]

This Court may not consider claims that have not been fairly presented to the state courts.[40]  In order to exhaust a claim, a petitioner must "fairly present" to the state supreme court both the legal and factual basis for the claim.[41]  To exhaust his state-court remedies, a petitioner must present both the legal arguments and the factual basis to the highest state court.[42]  It does

---

[38] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[39] *Phillips v. Pitches*, 451 F.2d 913, 919 (9th Cir. 1971).

[40] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[41] *Baldwin*, 541 U.S. at 29 ; *Robinson v. Schriro,* 595 F.3d 1086, 1101 (9th Cir. 2010).

[42] *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

not appear from the record that Splawn presented his third ground to the California Supreme

Court—it is therefore, unexhausted and must also be dismissed on that basis as well.

## C.    Merits

<u>Ground 1: Investigation of the Woman's Watch in Splawn's Possession</u>

Splawn was arrested for driving under the influence six days after the robbery of which he

was convicted.  Over Splawn's objection, the trial court allowed testimony from the booking

sergeant at the jail that jail records showed Splawn possessed a yellow metal woman's watch, a

brown watch, a yellow metal chain with a charm, a white metal ring, and a black string with a

cross when he was booked into the jail.  None of the items were known to be stolen when they

were returned to Splawn upon his release.  Counsel for Splawn objected to the introduction of

that evidence under California Evidence Code § 352, i.e., that its probative value was

substantially outweighed by the danger of unfair prejudice, that its admission would necessitate

undue consumption of time or create a substantial danger of undue prejudice or mislead the jury.

The California Court of Appeal affirmed the Shasta County Court's overruling of the objection.[43]

Splawn contends before this Court, as he did before the state courts in his first round of habeas

petitions, that his trial counsel was ineffective for failing to properly investigate the facts and

circumstances regarding the watch, which was never connected to the robbery of which Splawn

was convicted.  The Shasta County Superior Court rejected Splawn's arguments, holding:

> The petition fails to make a prima facie showing that trial counsel's conduct
> fell below an objective standard of reasonableness under prevailing norms. The
> prosecution was required to provide evidence sufficient to prove the defendant guilty
> beyond a reasonable doubt.  The jewelry items admitted into evidence were never

---

[43] *Splawn*, 2008 WL 4458950 at *6-7.  Splawn does not contest that determination in this
proceeding.

established to be those coming from the burglary of which the petitioner was accused. Counsel did not act unreasonably in believing such evidence was inadmissible, and if admitted, of weak evidentiary value. Moreover, the petitioner points to no witnesses that could have been interviewed that would have testified in such a manner that a result more favorable to the petitioner was reasonably probable.[44]

<u>Ground 2:  Withdrawal of the Request that Splawn Wear Jeans</u>

A pair of jeans were found in the unoccupied cottage.  At trial counsel moved to have Splawn try on those jeans in the view of the jury.  After the trial court ruled that the evidence would be demonstrative, not testimonial, and admitted as part of Splawn's case-in-chief, trial counsel withdrew the motion, and the defense rested without presenting a defense.  Splawn argues that, because the jeans found were allegedly too long and had a waist size so small that Splawn could not zip or button them, trial counsel's withdrawal of the motion to try on the jeans in the view of the jury constituted ineffective assistance of counsel.  The Shasta County Superior Court disagreed, holding:

> Here, the petition also fails to make a prima facie showing that counsel's conduct fell below an objective standard of reasonableness under prevailing norms. An insufficient showing is made that the alternative course of conduct proffered in the petition would have resulted in a better result for the petitioner.  Arguably, the decision made by trial counsel was the better course.  Under these circumstances there is an insufficient prima facie showing on both prongs of the ineffective assistance of counsel standard.[45]

---

[44] Lodged Doc. 8 at 1.

[45] Lodged Doc. 8 at 1.

Ground 4:  Jurors View of Splawn in Handcuffs

Splawn's trial counsel was advised by a bailiff that Splawn was in the public hallway while wearing handcuffs at the same time jurors were present in the hallway.  Counsel did not call this fact to the attention of the trial court and failed to move for a mistrial.  This, according to Splawn, rendered counsel's representation ineffective.  The Shasta County Superior Court rejected Splawn's arguments, holding:

> The petition does allege sufficient facts establishing a prima facie showing that trial counsel's conduct fell below the requisite standard when, after being advised by the bailiff that it was "possible" a juror had seen the petitioner in handcuffs while being transported to trial, he failed to notify the court and request further inquiry.  However, the petition fails to allege facts sufficient to establish a prima facie showing that a more favorable result was reasonably probable had counsel made the inquiry.  The petition is conclusory in this regard.  No declarations of witnesses, such as the bailiff or the jurors, who might have appropriate knowledge of the facts underlying the allegation, are attached to the petition.  Nor are there attached to this petition any declarations indicating what efforts have been made in an attempt to contact appropriate witnesses.  In light of these deficiencies, this Court cannot conclude a prima facie showing has been made that an inquiry by counsel would have resulted in information that would make it reasonably probable a more favorable result would have been obtained by the petitioner.[46]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Splawn must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[47]  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[48]  Splawn must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for

---

[46] Lodged Doc. 8 at 1-2.

[47] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[48] *Id.*

counsel's ineffectiveness, the result would have been different.[49]  An analysis that focuses "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[50]  The Supreme Court has explained that, if the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief.[51]  An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs.[52]

*Strickland* and its progeny do not mandate that this Court act as a "Monday morning quarterback" in reviewing tactical decisions.[53]  Indeed, the Supreme Court admonished in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from

---

[49] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[50] *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." (citing *Strickland*, 466 U.S. at 687)); *United States v. Cronic*, 466 U.S. 648, 656 (1984) ("The right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.  Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." (citations omitted)).

[51] *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams v. Taylor*, 529 U.S. 362, 393 (2000).

[52] *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

[53] *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.[54]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[55]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[56]

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard.  Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,] [which] is different from an *incorrect* application of federal law."[57]

---

[54] 466 U.S. at 689 (internal quotation marks and citation omitted).

[55] *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009).

[56] *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[57] *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (emphasis in the original).

Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[58]

While judicial inquiry into counsel's performance under *Strickland* must be highly deferential, it is "by no means insurmountable," but nonetheless remains "highly demanding."[59] "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney."[60] "Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial."[61]  Splawn bears the burden of proving that counsel's trial strategy was deficient.  "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[62]  "[Splawn] bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy."[63]  "In determining whether the defendant received effective assistance of counsel, 'we will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight,' but rather, will defer to counsel's sound trial strategy."[64]  "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions,

---

[58] *Id.* at 786.

[59] *Morrison*, 477 U.S. at 382.

[60] *Richter*, 131 S.Ct. at 791 (internal quotation marks and citation omitted).

[61] *Morrison*, 477 U.S. at 382.

[62] *Strickland*, 466 U.S. at 689.

[63] *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001).

[64] *Id.* (quoting *Strickland*, 466 U.S. at 689).

strategic choices must be respected in these circumstances if they are based on professional judgment."[65]

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[66]  The court must then consider those acts or omissions against "prevailing professional norms."[67]  Even then, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[68]

Applying these standards to the decision to the rulings of the Shasta County Superior Court, Splawn has not met this heavy burden.  He has shown no evidence indicating that counsel was unreasonable or ineffective for selecting his chosen trial strategy.  He presented no alternate attorney's determination challenging counsel's decisions.  He has not quoted any "[p]revailing norms of practice as reflected in American Bar Association standards and the like" indicating that counsel acted outside these norms.[69]  Addressing Splawn's claims *in seriatim*:

Ground 1: Investigation of the Woman's Watch in Splawn's Possession

Specifically, Splawn argues that trial counsel should have requested a continuance and interviewed the owner of the watch and the officer who seized the watch to determine if the watch was related to the crimes.  Splawn's argument fails on at least two bases.  First, he does

---

[65] *Strickland*, 466 U.S. at 681.

[66] *Id*. at 690.

[67] *Id*.

[68] *Id*.

[69] *Id.* at 688.

not show what an investigation might have revealed concerning the ownership of the watch. Second, as the Shasta County Superior Court noted, the jewelry items that were admitted into evidence were never established to be those coming from the burglary.

What an investigation would have revealed is not shown.  Indeed, at trial, the owner testified that although she understood (or hoped) that some of the items stolen had been recovered, she had not seen the items and could not identify them.[70]  The officer who testified concerning the list of property items taken from Splawn at the time of his arrest described the jewelry in broad, general terms and that property was returned to Splawn.[71]  He further testified that he had no knowledge that the items in Splawn's possession at the time he was arrested were stolen.[72]  As did the Shasta County Superior Court, this Court cannot find that the decision not to request a continuance and further interview the owner or the officer satisfied either *Strickland* prong—that trial counsel's representation was not deficient or, if deficient, was not prejudicial. Splawn is not entitled to relief under his first ground.

Ground 2:  Withdrawal of the Request that Splawn Wear Jeans

In his declaration made in connection with Splawn's state habeas petition, trial counsel explained that he withdrew because of a fear that had he proceeded the prosecution could have reopened the case and recalled a witness whose testimony could have been more damaging with regard to the alleged burglary of the cottage.[73]  Splawn argues that, because the prosecution could

---

[70] Reporter's Transcript on Appeal at 146.

[71] Reporter's Transcript on Appeal at 185.

[72] Reporter's Transcript on Appeal at 186.

[73] Lodged Doc. 7, Declaration of Daniel Irving at 2.

have reopened in any event, the explanation was unreasonable and "fails to excuse this rather egregious error."[74]  Splawn further argues that the withdrawal of the motion to have Splawn wear the jeans before the jury had the following effect: "the jury was deprived of strong evidence that, when viewed with the other evidence of another person or persons being there, would have undermined the prosecution's case that [Splawn] burglarized the residence."[75]  Splawn's hyperbole overstates both the magnitude of the error and its effect.  As the Shasta County Superior Court noted, the course followed by trial counsel was at least arguably the better course.  In addition, there was additional evidence that others had been there, including unidentified fingerprints and the sighting of an unidentified person or persons on the premises after the burglary had been discovered who did not fit Splawn's description.  The fact that jeans that were also discovered on the premises did not fit Splawn was cumulative.

As did the Shasta County Superior Court, this Court cannot find that the decision to withdraw the request to have Splawn wear the jeans in front of the jury satisfied either *Strickland* prong—that trial counsel's representation was not deficient or, if deficient, was not prejudicial. Splawn is not entitled to relief under his second ground.

Ground 4:  Juror's View of Splawn in Handcuffs

In his first state habeas petition Splawn included the declaration of trial counsel in which trial counsel stated:

> 10.    During the course of the trial I was contacted by a bailiff who advised me that it was possible that one of the jurors in the case saw Mr. Splawn in handcuffs as he was being moved to and from the jail

---

[74] Docket No. 32 at 25.

[75] Docket No. 32 at 25-26.

during a recess.  I neglected to call this fact to the attention of the court although I should have done so.[76]

In his second petition for habeas relief to the California Court of Appeal, Splawn included the declaration of counsel in which counsel indicated that although he had attempted to contact the bailiff involved to get more information, he had been unable to do so.[77]  The Court of Appeal denied that petition citing *In re Clark*.[78]

Other than trial counsel's statement that he had been advised by a bailiff that it was possible that a juror had seen Splawn handcuffed while being transported, there is no evidence that a juror did in fact observe Splawn in handcuffs.  Even assuming that the allegations that a juror briefly saw Splawn in handcuffs in the hallway were true, it would not necessarily require this Court to find that trial counsel was ineffective.  Splawn does not even suggest what the outcome might have been had trial counsel reported it to the court.  The California Supreme Court has indicated on several occasions that brief observations of a defendant in shackles by one or more jurors is not prejudicial.[79]  The Ninth Circuit has reached the same conclusion.[80]  In light of the prevailing view of the California Supreme Court on brief, incidental views of shackled or handcuffed defendants, this Court cannot find that, even if counsel was deficient in failing to

---

[76] Lodged Doc. 7, Declaration of Daniel Irving at 3.

[77] Lodged Doc. 11, Declaration of Glenn M. Kottcamp.

[78] 855 P.2d at 739-40.  This pinpoint citation to *Clark* indicates that the petition is denied on procedural grounds as untimely or a repetitious or piecemeal petition.  This does not, however, constitute an adequate and independent procedural ground precluding federal habeas relief.  *Sirpongs v. Calderon*, 35 F.3d 1308, 1318 (9th Cir. 1994).

[79] *See, e.g., People v. Slaughter*, 47 P.3d 262, 278-79 (Cal. 2002); *People v. Ochoa*, 966 P.2d 442, 447 (Cal. 1998); *People v. Tuilaepa*, 842 P.2d 1142, 1150 (Cal. 1992); *People v. Duran*, 545 P.2d 1322, 1324 n.2 (Cal. 1976).

[80] *Ghent v. Woodford*, 279 F.3d 1121, 1133 (9th Cir. 2002).

report the incident to the court, the outcome would have been different, i.e., the trial court would have taken any corrective action that resulted in a favorable result for Splawn.  Absent prejudice, Splawn is not entitled to relief under his fourth ground.

Based upon the foregoing, this Court cannot say that the decision of the Shasta County Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[81]  Nor, viewing the matter through the doubly-deferential lens of *Mirzayance-Richter*, can this Court find that the state court unreasonably applied the correct legal principle to the facts of Splawn's case within the scope of *Andrade-Williams-Landrigan-Richter*; i.e., the state court decision was not more than incorrect or erroneous, its application of clearly established federal law was not objectively unreasonable.  Splawn has failed to establish that his trial counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that his defense was prejudiced, as required by *Strickland-Hill*.

---

[81] 28 U.S.C. § 2254(d).

## V.  CONCLUSION AND ORDER

Splawn is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the third and fifth grounds of the Petition are

**DISMISSED** as untimely, and the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is

**DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[82]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[83]

The Clerk of the Court is to enter judgment accordingly.

Dated:  September 27, 2012.

/s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge

---

[82] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[83] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.